Parker C. J.
delivered the opinion of the Court. We are 0f opinion that there must be a new trial in this case, ob *437 account of the defect of evidence to prove that Capt. Hallett was authorized by the owners of the vessel to make purchases and give promissory notes for them.
There being no express authority, it was supposed to be implied from the usage of this particular trade, or because the rum purchased went to the use of the owners, or because there was a knowledge of the purchase on their credit and an acquiescence in it; none of which facts are made out by evidence sufficient to authorize the jury to find a verdict for the plaintiffs.
In regard to usage, it is proved only by the evidence of Scudder; and even his testimony hardly proves it; for he says, it was a general practice among masters of vessels in this line of business, to purchase goods on the credit of their owners when there was a deficiency of freight. Such a practice may exist short of a usage. And it should seem, when he comes to particularize, that his knowledge of that practice was derived from his transactions with another line of packets, where it may have existed and not with this line. Such a practice may have existed among masters of vessels, and yet the owners may never have assented to it; and without such assent, the practice would not bind them. In the case of the Union line of packets, to which the practice mentioned in this testimony had relation, he says, that the property purchased by the masters went into the accounts of the concern, and the purchases were ratified by them. This is a case without any such account and without any ratification. But suppose that the amount of his testimony was, that there was such a usage, we think it not sufficiently proved. Usage is a thing which must be public and notorious, at least known to all masters of {ackets in this trade. Scudder stands alone in his testimony, and is directly contradicted by Stanton, an owner and agent of the Union line of packets. These witnesses may be supposed equally intelligent and honest. Stanton may have had a bias against establishing a usage, which might render him liable. Scudder was interested as a commission merchant, to avoid the charge of negligence in selling the plaintiff’s goods to a man unable to pay. Now here is a subject of common knowledge, proved by one witness and contradicted by another. It is not the rase of a fact proved by the testimony of one witness and *438 contradicted by another, in which the jury may prefer positive to negative evidence. When the question is of a custom or usage, and it is not known to those who, from their business and connexions, have the best means of knowing it, ignorance of it is, in some sense, positive testimony that it does not exist.
Suppose the question to be as to the existence of a usage of trade in some foreign port, according to which the rights of . parties are to be decided, — and that there are two foreign witnesses, both merchants belonging to the place, and dealing in the same business, and one testifies in support of the usage and the other against it, — can it be said that the usage is proved ? Especially, if other merchants from the same place are here and have not been called upon ?
Now the usage in question is said to exist at home, and probably there were many masters of packets and others in port, who would know if it existed. In such case, we think the fact is not made out, so as to require a comparison of evidence ; that under such circumstances, one witness is not sufficient to prove the existence of a usage of trade of a somewhat extraordinary nature, to wit, that the owners of vessels are to be bound for all purchases made by the masters.
But there is another sufficient reason for granting a new trial. The jury do not appear to have decided upon either of the points upon which, according to the charge, their verdict was to rest. The foreman stated, that they were satisfied with the proof of the usage ; a juror said, that he and some others were of opinion that the rum purchased had come to the use of the owners ; from which it is, to be inferred, that he and those for whom he spoke, were not satisfied in regard to the usage. We certainly do not mean to encourage the practice of questioning jurors as to the grounds of their opinions ;[1] but where there are distinct grounds upon which the verdict may be given, perhaps it is not improper to ascertain which they adopted, as there may be little or no evidence upon one and sufficient upon another ; and if it appears that they did not agree upon either of the grounds, I do not see how their verdict can stand, unan *439 imity being required. If there are three distinct grounds upon which an action can be maintained, all independent of each other, and four only of the jury agree upon each, I do not see how they can amalgamate their opinions and make a legal verdict out of them. With regard to the opinion which some of the jury adopted, to wit, that the rum, for which the note was given, went to the use of the owners, we do not see the least evidence to support it. No account was produced on trial showing any charge or credit to the owners. Scudder expressly states, that he had no communication with Thacher respecting the rum, the gin which was taken for some of it which was sold, or the note given by the master. He had some suspicion that Hallett, the brother of the captain, knew of the transaction, because he committed to him the gin to sell; but there was quite as much reason to entertain a contrary supposition, as Thacher would have been likely to take charge of any property which proceeded from goods belonging to the owners. It being very apparent that the subject was not deliberately considered by the jury, and, if a usage existed of the kind supposed, it being quite easy to prove it satisfactorily, we think a new trial must be had.

 See Dorr v. Fenno, 12 Pick. 526 ; State v. Hascall, 6 N. Hamp. R. 361 Taylor v. Greeley, 3 Greenleaf, 204 ; Hix v. Drury, 5 Pick. 296; Pierce v Woodward, 6 Pick. 208.